## Breading *versus* Blocher.

A judgment of restitution, given upon the reversal of an erroneous judgment, is conclusive of the matter adjudicated by it: and establishes the right of the plaintiff in error to be restored to all things which he has lost by reason of the erroneous judgment.

Its justice and legality cannot be drawn in question in any collateral action or proceeding; nor will its execution be delayed to abide the final result of the suit in which it is rendered.

Where a defendant has been deprived of the possession of the premises under an execution on an erroneous judgment, upon reversal of the same, he is not only entitled to be restored to the possession of the same, but to the crops which he lost, either by judgment of restitution or by action.

*Quære*, Whether the proper and only remedy in such case is by judgment of restitution, or whether an action on the case may be sustained?

ERROR to the Court of Common Pleas of *Fayette county*.

This special action on the case was brought on the 23d October, 1854, by James E. Breading against John Blocher, to recover the value of a crop of grain belonging to the plaintiff. Blocher, the defendant in this action, brought an ejectment to December Term, 1848, against the tenants of Breading, and on the 21st of April, 1854, a verdict was rendered in his favour in that action for the premises therein described, and being the same on which the grain in dispute was raised. On the 18th July, 1854, a writ of *habere facias possessionem* was issued, and the plaintiff Blocher put into possession. A writ of error to the judgment was taken, and on the 21st October, 1854, the record was returned with a certificate that the judgment had been reversed, and a *venire facias de novo* awarded. On the 13th January, 1855, the court below entered a rule to show cause why a writ of restitution should not be awarded, and on the 5th March following this rule was made absolute, and the writ was issued, and under it the premises restored to Breading. On the 5th June, 1855, this action of ejectment was again tried, and a verdict and judgment therein rendered in favour of the defendant, and which, on writ of error, was affirmed by the Supreme Court.

At the time the *habere facias* was executed by delivering to the plaintiff Blocher the premises, there were crops of grain growing upon them which were severed by Blocher and appropriated to his own use before the writ of restitution was awarded; and to recover their value in damages this suit was brought.

It was contended in the court below by the defendant's counsel, that the decree of restitution is part of the judgment, which is that the defendant be restored to all things which he has lost on occasion of the judgment, and that this order was recited in the writ of restitution, and that therefore the action would not lie.

The court directed the jury, *pro forma*, to find for the plaintiff,

[Breading *v.* Blocher.]

reserving the point as above stated; and also whether the action could be maintained before the determination of the ejectment; and whether the right to maintain this action did not depend upon who should be ultimately entitled to the possession.

The jury accordingly found for the plaintiff, and assessed the damages at $257.18. The court below (GILMORE, P. J.) after-wards decided the reserved points as follows:—

"Possession was what was involved in the action of ejectment. This was temporarily lost by reason of a judgment which was reversed; all that was done, or could be done, by the writ of resti-tution, was to place the parties in *statu quo* as to the possession. We are therefore of opinion that this position of defendant is not tenable.

"But could this action be maintained until it was determined in the ejectment, who was entitled ultimately to the possession? We think not: the right of action depended upon the right to the possession, at least it would involve circuity of action, and might produce contradictory verdicts and judgments. Suppose this action had been tried first, and decided for plaintiff, and after the ejectment had resulted against the present plaintiff, in action for the mesne profits, the judgment obtained for plaintiff in this action must be recovered back again in order to make the plaintiff in the action for mesne profits whole. Such contradictions and incon-gruities could only be avoided by waiting until the rights of the parties were ascertained; that being settled, the only question would be one of amount. Judgment for defendant on the verdict upon payment of jury fee."

The plaintiff thereupon purchased this writ, and assigned for error, that the court below erred in entering judgment for the de-fendant on the points reserved, *non obstante veredicto.*

*J. B.* and *A. Howell,* for plaintiff in error.—Under the writ of restitution he was entitled to all that he had lost. Such is the judgment of reversal when entered in form: 2 *Rich. Prac.* 233; Duncan *v.* Kirkpatrick, 13 *S. & R.* 274. In this case the writ could only restore the possession and that which remained, and not the fruits which the defendant had used and converted: Baker *v.* Smith, 4 *Yeates* 188. The money obtained from a defendant, on reversal, may be recovered back by *indebitatus assumpsit:* 1 *Esp. N. P.* 5.

On the reversal the defendant was entitled to restitution, and was not bound to abide the final event of the suit: Ranck *v.* Becker, 13 *S. & R.* 43.

*Patterson* and *Kaine,* for defendant in error.—The plaintiff was out of possession, and his action for mesne profits cannot be sus-tained: Caldwell *v.* Walters, 10 *Harris* 378; 14 *Mass.* 6; 17 *Id.*

[Breading *v.* Blocher.]

299; 10 *Pick.* 161. An action of *assumpsit* for use and occupation, in such a case will not lie: Mackey *v.* Robinson, 2 *Jones* 170. But his writ of restitution was the end of his claim.

The opinion of the court was delivered by

LEWIS, C. J.—A judgment of restitution, given upon the reversal of an erroneous judgment, is conclusive of the matters adjudicated by it. It establishes beyond further question the right of the plaintiff in error to be restored to all things which he has lost by reason of the erroneous judgment. Its justice cannot be rejudged in any collateral proceeding. Its execution cannot be delayed to abide the final result of the suit in which it is rendered. Its object is to restore the parties immediately to the condition they were in when the suit was commenced. If a plaintiff in ejectment, by means of an erroneous judgment, turns the defendant out of possession, he is bound to restore the possession the moment the erroneous judgment is reversed. An entry under judgment is attended by very different consequences from an entry by act of the party without judgment.

In the latter case it is a disseisin, which, if peaceable, gives the party a possession which cannot be taken from him, except upon a trial at law. In the former case, as the law never works injury to any one, the moment the erroneous judgment is reversed the possession acquired under it falls with the judgment, and the party entitled to restitution is not necessarily driven to his action to regain his possession. He may enter without action, because the law regards the possession as his, and the occupancy of the other party as a mere intrusion. But an entry may not restore him to the crops which the other party took and carried away while his possession was sustained by the erroneous judgment. For these he is entitled to some remedy, either by action on the case or by judgment of restitution. No objection was made in the court below on the ground that the latter course was not taken, and it is not necessary to give any opinion on that point. The only objection stated by the judge is that the plaintiff could not recover while the other party remained in possession, and while the ejectment remained undetermined; and this, as we have seen, is no bar to the action. It is true that the ejectment has since been decided in favour of the present plaintiff. But this is not material. He had a clear right when his suit was brought to recover for his crop of corn which the defendant carried off, and nothing has been shown which defeats that right.

The judgment for the defendant below, *non obstante veredicto*, is reversed, and judgment is entered for the plaintiff in error on the verdict for $257.18 damages, together with the costs of suit.